Leo Dikman, J.
The parties have one child, Akilah, 2-1/2 years of age. On July 28, 1975, on consent of both parties, an order was made herein, directing respondent to pay to petitioner $300 semi-monthly "this amount to cover food, total maintenance of petitioner’s car, personal expenses for petitioner and child”. Both parties were then living in the house owned by them as tenants by the entirety. Subsequently respondent left the home, and petitioner now seeks an upward modification to $1200 monthly, anticipating that she will be paying the mortgage and other expenses of said real property.
At the outset, and more than once during the hearing, the court urged petitioner to retain the services of a lawyer. However, petitioner maintains that by virtue of her religious beliefs, she is not permitted to be represented by an attorney. Consequently, and since respondent was represented by counsel, the court made every effort to assist petitioner while at the same time being careful not to encroach upon the rights of respondent, and to be impartial throughout.
On the basis of the evidence, petitioner is entitled to a finding on a means basis. This is not to say that a contrary finding may not be made in the action brought by respondent for a separation, and now pending (petitioner’s answer has not yet been served).
Although petitioner was a teacher of music, she is not now employed, having taken a sabbatical leave, and she does not intend to return to work until the child is five years of age. Under the circumstances the court finds that she has a right to make such decision in order to properly care for her child during the tender years.
Petitioner has listed her expenses at $1200 per month. Of this amount $120 represents a monthly tithe, again in conformity with her religious belief. However even though petitioner feels obligated to donate 10% of her income to her church, the court is of the opinion that this cannot be a legal charge against respondent. Also included is an item of $50 *312 monthly savings. Again, and in view of the circumstances of the parties, this item is not a legal charge against respondent. On the other hand the court notes that petitioner will be paying the mortgage and house taxes and insurance; and that with each payment the equity of respondent will be increased.
Respondent’s gross income from his major and part time employment is $33,470, with a net of $22,140 after taxes, or $1,845 monthly. He purchased a home in November, 1975, and is saddled with substantial mortgage payments. While the court questions the propriety of this purchase at a time when he had substantial debts and outstanding obligations, nevertheless respondent apparently felt that he could meet these obligations and at the same time support his wife and child.
In fixing the order herein the court must also consider the tax consequences, and especially in this regard the services of an attorney would have been most helpful to petitioner, for there is a limit to which the court can extend itself in this regard. The tricky problem is that both parties request that the support order include the mortgage payments which includes tax deductible mortgage interest and real estate taxes. Moreover, unfortunately, in listing her expenses petitioner was obviously unaware that the amount allocated for her support will be taxable to her, and respondent will be able to claim the child as a dependent.
Upon all of the testimony and the exhibits, I find and decide as follow:
1. Finding is made on a means basis for petitioner and child.
2. Respondent is directed to pay, through the support bureau of this court, for support of petitioner and child, $800 monthly, payable $400 on the first of each month and $400 on the 16th of each month, commencing March 1, 1976. The payments are allocated $600 per month for petitioner and $200 per month for the child.
At this point it seems appropriate for the court to note that too many lawyers, representing husbands and wives either do not request allocation of support for wife and child, or do not take into consideration the tax consequences of a support order. This court makes this admonition particularly in this case in view of the request of both parties for an order which will include the mortgage payments and taxes. (This is not to reflect on the respondent’s attorney who represented his client most capably). The common fault is to request a lump amount for wife and child. An order for $100 weekly for wife and child *313 results in the $100 being all taxable to the wife, and all deductible by the husband. And, if the wife is employed, she must add the alimony to her salary. In too many cases the net result is a substantial lessening of her net income after Federal, State and city taxes.
In this case by paying $200 monthly for child support respondent in all likelihood will be able to claim the child as a dependent.
Of the $600 allocated to the wife she will pay $250 monthly for principal and interest on the mortgage and taxes. In this court’s opinion, under section 71 of the Internal Revenue Code of 1954 (US Code, tit 26, § 71), since the property is owned by the parties as tenants by the entirety, the wife may deduct $125 (one half) of said $250 payment, leaving $475 reportable as alimony. In addition, the wife may deduct one half of the mortgage interest, and one half of the real estate taxes (See Revenue Rule 67-420, 1967-2 CB 63, and Mertens, Law of Federal Income Taxation, § 31A.01.)